## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

C.P., D.P., and SHARITA PATTERSON,

            Plaintiffs,

    v.

CITY OF JERSEY CITY, *et al*.,

            Defendants.

Civil Action No. 25-1315 (JXN)(LDW)

**OPINION**

**NEALS**, District Judge

Before the Court is the application to proceed *in forma pauperis* ("IFP") (ECF Nos. 1-1, 4) and Complaint (ECF No. 1) filed by *pro se* Plaintiff Sharita Patterson ("Patterson" or "Plaintiff").[1] Also before the Court is Plaintiff's emergency motion for permanent injunction. (ECF No. 8.) Plaintiff's IFP application establishes her financial eligibility to proceed without prepayment of the filing fee and is granted. 28 U.S.C. § 1915. As Plaintiff has been granted IFP status, Plaintiff's Complaint is subject to the Court's *sua sponte* screening. 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Complaint is **DISMISSED**, and Plaintiff's emergency motion for permanent injunction is **DENIED as moot**.

---

[1] The Court notes that while Patterson's children, C.P. and D.P., are named in the caption of her Complaint (*see* Compl. *1, ECF No. 1-1), Patterson does not name C.P or D.P. as parties in this matter (*see id.* at *2). Moreover, a non-attorney parent cannot seek relief *pro se* on behalf of their children, including for injuries arising from alleged violations of federal and state law. *See Wolf v. Escala*, No. 14-5985, 2015 WL 2403106, at *8 (D.N.J. May 20, 2015). Accordingly, for purposes of this Opinion, the Court will refer to Patterson as the sole Plaintiff in this matter and, as discussed further below, all claims in the Complaint purportedly brought on behalf of C.P or D.P. will be dismissed without prejudice.

## I.   BACKGROUND[2]

On February 13, 2025, Plaintiff filed this action against the City of Jersey City, the New Jersey Department of Children and Family Services, Child Protective Services ("CPS"), CPS Worker Oswald Pardo, the Administration for Children Services ("ACS"), ACS Worker Christian, and "other unknown defendants" (collectively "Defendants"). (Compl. ¶ 1.) Plaintiff's claims against Defendants appear to stem from child removal proceedings filed against Plaintiff in the New Jersey Superior Court. (*See generally id.*; *see also* Mot. for Perm. Inj., ECF No. 8.)

In the Complaint, Plaintiff alleges that on November 25, 2024, she served a cease-and-desist letter upon Defendants, demanding that they stop their purported harassment, false accusations, defamatory statements, and interference with her parental rights. (*See* Compl. *2.[3]) Plaintiff contends that, notwithstanding this demand, Defendants continued to engage in unlawful conduct, including making false reports concerning her parenting, initiating baseless child neglect and abuse investigations without evidentiary support, harassing her through excessive phone calls, threatening her parental rights, and disclosing private information about Plaintiff and her children without consent. (*Id.*) Plaintiff claims Defendants' "unlawful actions have caused [her] severe emotional distress, reputational harm, financial losses, and the violation of her fundamental parental rights." (*Id.* at *3.) As relief, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, as well as attorneys' fees and costs. (*Id.* at *4.)

On July 11, 2025, Plaintiff filed an emergency motion for permanent injunction to enjoin state court interference and enforce federal jurisdiction. (*See* Mot. for Perm. Inj.) In the motion,

---

[2] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[T]he § 1915(d) frivolousness determination . . . cannot serve as a factfinding process for the resolution of disputed facts.")

[3] Page numbers preceded by an asterisk (*) reflect CM/ECF pagination.

2

Plaintiff seeks a permanent injunction to restrain the New Jersey Division of Child Protection and Permanency ("DCPP"), the Superior Court of New Jersey, Hudson County, Family Division ("State Court"), and other state actors from "initiating, continuing, or enforcing any investigation, removal, or contact with Plaintiff or her children until resolution of the federal case." (*Id*. at *4.)

## II.   <u>LEGAL STANDARD</u>[4]

To be eligible to proceed without prepayment of fees required by the District Court without prepayment of fees and costs under 28 U.S.C. § l915(a), a plaintiff must file an application to proceed IFP, including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. *§* 1915(a)(l); *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

Under § 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A court reviewing an IFP application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F .2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §

---

[4] Because the Court dismisses the Complaint for failure to state a claim, the Court does not reach the merits of Plaintiff's emergency motion for permanent injunction and therefore omits the Rule 65 standard.

1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure[5] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Additionally, Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(l), (a)(2), (d)(1).

## III.   **DISCUSSION**

As a preliminary matter, the Court notes that to the extent that Plaintiff attempts to assert claims on behalf of her minor children, C.P. and D.P., *pro se*, she is precluded from doing so. While Rule 17(c) allows guardians to sue on behalf of minor children in their representative capacities, and litigants may represent themselves in federal court *pro se* under 28 U.S.C. § 1654, the Third Circuit has consistently held that a non-attorney parent may not represent his or her child *pro se* in federal court. *See, e.g.*, *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990))); *see also Watson v. Washington Twp. Pub. Sch. Dist.*, No. 09-3650, 2010 WL 2540180, at *3 (D.N.J. June 17, 2010), *aff'd*, 413 F. App'x 466, 468 (3d Cir. 2011) (finding that a plaintiff-parent could not prosecute any of her son's claims *pro se* in federal court).[6] Further, a parent cannot waive their child's right to counsel. *Osei-Afriyie*, 937 F.2d

---

[5] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[6] Since *Osei-Afriyie*, the Third Circuit has upheld the proposition that parents cannot represent their minor children in federal court. *See, e.g., Cole v. Montague Bd. of Educ.*, 145 F. App'x 760, 762 n.1 (3d Cir. 2005); *Harris–Thomas v. Christina School Dist.*, 145 F. App'x 714, 715 (3d Cir. 2005) (holding that a non-attorney parent cannot represent her child in federal court for a school district's alleged civil rights violations); *Pinkney v. City of Jersey City Dept. of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (stating that a parent cannot bring suit on behalf of a minor or mentally incompetent adult child without counsel for an alleged violation of Section 1983); *see also Wolf*, 2015 WL 2403106, at *8 (holding that a parent could not seek relief on behalf of her children pro se, including relief for a "laundry list of injuries" based on alleged violations of federal and state law); *Woodruff ex rel. B.W. v. Hamilton Twp.*

at 883. When parents are unwilling or unable to obtain counsel for their children, the Court may dismiss the action without prejudice "to accrue for purposes of the relevant statutes of limitations when the children reach eighteen years of age, or sooner if they become emancipated minors." *Id*. Here, Plaintiff—who is not an attorney and is proceeding *pro se*—lacks standing to assert claims on behalf of her minor children. Accordingly, all claims in the Complaint purportedly brought on behalf of C.P. and D.P. are **dismissed** ***without prejudice***.

### A. Lack of Subject Matter Jurisdiction/*Younger* Abstention

Next, having screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds that Plaintiff's Complaint does not provide a basis for this Court to exercise subject matter jurisdiction. The Complaint purports to assert violations of Plaintiff's constitutional rights by various state actors involved in the State Court child welfare proceedings. (*See* Compl.) "Although Plaintiff has clothed [her] complaint in the garb of a civil rights action, the Complaint boils down to a dispute over the custody of [her] child[ren] and the interactions of Plaintiff and Defendants in that [] process." *Foster v. N.J. Div. of Child Prot. & Permanency*, No. 17-13572, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018). Further, "even when a complaint is drafted in tort, contract, or even under the federal constitution, if the complaint involves matters of domestic relations, it is generally not within the federal court's jurisdiction." *Id*. (cleaned up). Here, Plaintiff's Complaint arises from a child welfare and custody proceeding that is currently being contested in the State Court. (*See generally* Compl.; Mot. for Perm. Inj.; *see also* ECF Nos. 16, 17.) Federal courts do not have jurisdiction to adjudicate child welfare disputes. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that federal courts are divested of power to issue

---

*Pub. Sch.*, No. 06-3815, 2007 WL 4556968, at *2–3 (D.N.J. Dec. 20, 2007) (finding that parents lacked "standing to prosecute any of their son's claims.").

divorce, alimony, and child custody decrees); *see also Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982) (holding that federal courts are not well suited to the task of child custody disputes because federal courts are not local institutions, and such cases require "continuing judicial supervision of a volatile family situation."). The proper venue for child welfare and custody disputes continues to be the state courts. Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint.

Further, even if this Court had jurisdiction over Plaintiff's claims, it would still decline to exercise jurisdiction under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is rooted in "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

*Younger* abstention applies where: (1) "there is a parallel, pending state criminal proceeding," (2) there are parallel "state civil proceedings that are akin to criminal prosecutions," or (3) there are parallel state civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). If a case fits in one of these categories, the Court considers whether (1) whether the state proceeding at issue is "ongoing" and "judicial" in nature, (2) whether the proceedings "implicate important state interests," and (3) whether there is an "adequate opportunity in the state proceedings to raise constitutional challenges. *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432. Finally, the Court considers whether the plaintiff has made a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 435.

Ongoing child welfare, custody, and removal proceedings are within the class of cases amenable to *Younger* abstention. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (applying *Younger*

6

abstention in child-welfare litigation despite federal constitutional claims); *see Yi Sun v. N.Y.C. Police Dep't*, No. 18-11002, 2020 WL 4530354, at *10 (S.D.N.Y. Aug. 6, 2020) ("Child welfare proceedings are akin to criminal prosecutions . . . .").

Because this is the kind of case amenable to *Younger* abstention, the Court considers whether the *Younger* factors favor abstention. They do. First, based on Plaintiff's pleadings, it is apparent that she seeks this Court's intervention in an active State Court child welfare proceeding. (*See* Compl. at *5; Mot. for Perm. Inj. at *4; *see also* ECF Nos. 16, 17.) Second, "New Jersey has a substantial interest in fair administration of child custody and parental rights proceedings." *McDaniels v. N.J. Div. of Youth & Fam. Servs.*, 144 F. App'x 213, 215 (3d Cir. 2005). Third, "there is no reason why Plaintiff may not raise her constitutional claims in the ongoing state proceedings." *Foster*, 2018 WL 6069632, at *3; *Frederick of Fam. Gonora v. Risch*, No. 23-893, 2023 WL 8271932, at *5 (D.N.J. Nov. 30, 2023), *aff'd sub nom. Frederick of the Fam. Gonora v. Risch*, No. 23-3266, 2024 WL 1281336 (3d Cir. Mar. 26, 2024) (Noting that "there is a presumption that state courts are equally competent and willing to hear federal statutory and constitutional claims."). The Court is "unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation." *Moore*, 442 U.S. at 435.

Finally, nothing in the record indicates that Defendants initiated child removal proceedings in bad faith or to harass Plaintiff, or that such proceedings are "pursuant to a flagrantly unconstitutional statute." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Accordingly, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction, and alternatively due to abstention under *Younger*.

**B. Plaintiff's Emergency Motion for Permanent Injunction**

As the Complaint is dismissed, Plaintiff's emergency motion for permanent injunction (Mot. for Perm. Inj.) is thereby **denied** as moot. *See KDDI Glob. LLC v. Fisk Telecom LLC*, No. 17-5445, 2017 WL 5479512, at *7 (D.N.J. Nov. 15, 2017) (denying motion for preliminary injunction as moot where court dismissed underlying complaint).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's IFP applications (ECF Nos. 1-1; 4) are **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for lack of subject matter jurisdiction, and alternatively due to abstention under *Younger*. Dismissal of the Complaint is without prejudice to Plaintiff's right to file a complaint in a state court of competent jurisdiction. An appropriate Form of Order accompanies this Opinion.

**DATED: 3/26/2026**

JULIEN XAVIER NEALS
United States District Judge

8